MOLINA ET AL., PLAINTIFFS AND APPELLANTS, *v.* HERNÁNDEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action to Annul a Deed, Etc.

No. 3064.—Decided May 23, 1924.

PURCHASE AND SALE—REPURCHASE—MORTGAGE—LIMITATION OF ACTION.—The period of limitation of an action to annul a sale with an agreement for repurchase on the ground that it was not a sale, but a mortgage loan, begins to run from the time of the expiration of the grantor's right to repurchase and not from the time the grantee recorded the sale in the registry.

The facts are stated in the opinion.

*Mr. F. González Fagundo* for the appellants.

*Mr. J. Vendrell* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a complaint filed October 18, 1920, the appellants prayed the District Court of Humacao to adjudge the nullity of a contract of sale with an agreement for repurchase which on August 17, 1915, they entered into with the father of the appellees, for the reason that it was in fact a loan secured by a mortgage.

After trial the district court dismissed the complaint on the ground that although the intention of the parties was to enter into a mortgage contract and not one of sale with agreement for repurchase, yet the action for nullity is barred by limitation, because the vendor was allowed until August 17, 1916, for redeeming the property and from that date began to run the four years fixed by section 1268 of the Civil Code for bringing actions for the nullity of contracts having a false consideration, and this period had expired when the complaint was filed.

In the appeal taken from that judgment by the plaintiffs they allege as the only ground thereof that the trial court erred in computing the four years from August 17, 1916, and not from June 5, 1917, the date on which the deed was presented in the registry of property to perfect the sale inasmuch as the period of redemption had expired.

Contracts take effect between the parties at the time of their execution; therefore, the date on which the contract of sale with agreement of repurchase was recorded in the registry of property is not what fixes the time when the limitation period of the action for its annulment begins to run, because in that case the period would be subject to the will of the vendee and because the statute declares that the four years after which the action for nullity is barred shall begin to run from the date of the consummation of the contract. The contract in this case was not consummated when it was recorded in the registry of property, but in August of 1916 when the term within which the vendors could repurchase the property expired, for that was the date on which the vendee acquired the ownership without

limitation or suspensive condition, the sale being thus consummated.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.